**BI YONG LIN, Petitioner,**

v.

**IMMIGRATION AND NATURALIZATION SERVICE,**
**Respondent.**

No. 02–4565–ag.

United States Court of Appeals,
Second Circuit.

July 13, 2007.

Jim Li, New York, NY, for Petitioner.

Steven M. Biskupic, United States Attorney for the Eastern District of Wisconsin, Christian R. Larsen, Assistant United States Attorney, Milwaukee, WI, for Respondents.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. JOSEPH M. McLAUGHLIN, Hon. SONIA SOTOMAYOR, Circuit Judges.

### SUMMARY ORDER

Petitioner Bi Yong Lin, a native and citizen of the People's Republic of China, seeks review of a September 17, 2002 order of the BIA affirming the October 21, 1998 decision of Immigration Judge ("IJ") William F. Jankun denying his applications for asylum and withholding of removal. *In re Bi Yong Lin,* No. A70 580 836(B.I.A. Sept. 17, 2002), *aff'g* No. A70 580 836 (Immig. Ct. N.Y. City Oct. 21, 1998). We assume the parties' familiarity with the underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the IJ's decision without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review the agency's factual findings under the substantial evidence standard. *See, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

Under 8 U.S.C. § 1252(d)(1), this Court "may review a final order of removal only if ... the alien has exhausted all administrative remedies available to the alien as of right." To preserve a claim for review in this Court, the alien must raise the issues on which that claim turns before the BIA, and must, at minimum, identify the alleged errors in the IJ's analysis. *Foster v. INS,* 376 F.3d 75, 78 (2d Cir.2004). Therefore, an applicant's failure to raise any legal argument to the BIA, or to "identify, even by implication, any error in the IJ's ruling" on a particular claim, may bar our consideration of that claim altogether. *Karaj v. Gonzales,* 462 F.3d 113, 119 (2d Cir.2006).

Here, Lin's claims for asylum and withholding of removal were premised exclusively on his claim that his wife was forcibly sterilized after giving birth to a second child without permission. The IJ denied

both claims based on a finding that Lin was not credible, having identified numerous inconsistencies in his testimony and documentary submissions, and noted that even assuming Lin's wife was sterilized, he failed to establish through credible evidence that the operation was involuntary. In his brief to the BIA, Lin asserted that this latter finding was erroneous, without offering any support for this assertion or challenging the adverse credibility finding on which the IJ's conclusion was based. Because he did not identify, much less challenge, any of the IJ's factual findings underlying the denial of relief, he effectively left his claims for asylum and withholding unchallenged. *See Steevenez v. Gonzales,* 476 F.3d 114, 117–18 (2d Cir.2007); *Foster,* 376 F.3d at 77–78. We do not consider whether Lin's arguments to the BIA were sufficient to satisfy the statutory jurisdiction requirement, because the government has argued that he failed to exhaust the relevant issues to the BIA. *See Lin Zhong v. U.S. Dep't of Justice,* 480 F.3d 104, 123–24 (2d Cir.2007); *see also Mei Chai Ye v. U.S. Dep't of Justice,* 489 F.3d 517, 528 (2d Cir.2007).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot.